**Fourth Court of Appeals**
San Antonio, Texas


## CONCURRING AND DISSENTING OPINION

No. 04-17-00638-CV

**SWIFT ENERGY OPERATING, LLC**,
Appellant

v.

**REGENCY FIELD SERVICES LLC**, Regency Energy Partners LP, Regency GP LP, and
Regency GP LLC,
Appellees

From the 343rd Judicial District Court, McMullen County, Texas
Trial Court No. M-14-0029-CV-C
Honorable Janna K. Whatley, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Concurring and Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: April 10, 2019

I concur with the majority that Regency conclusively established its affirmative defense of limitations against Swift's claims pertaining to its PCQ lease. I disagree, however, that Regency proved its entitlement to summary judgment as to the non-PCQ leases; therefore, I respectfully dissent in part.

The majority holds Regency produced no evidence of when Swift's causes of action for the non-PCQ leases accrued. Regency expressly moved for summary judgment on all of Swift's claims. Swift, however, did not plead its claims by lease or by well. Swift merely stated it "has

wells on the PCQ EF lease, on the Horton FB lease, as well as wells on other leases, all located near Defendants' injection well. The wells are within the path of the accelerating H2S/CO2 injectate." The cause of all of Swift's injuries was attributable to a single source—Regency's operation of the Disposal Well in a manner that resulted in the plume expanding faster and further than predicted. The majority's analysis invites an accrual of claims on a lease-by-lease or well-by-well basis, and this I decline to do.

Swift did not have to know the full extent of its injury or potential injury before filing suit. The Supreme Court recently reaffirmed that "[a] cause of action accrues 'when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur.'" *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 609 (Tex. 2017) (quoting *Knott*, 128 S.W.3d at 221)). In *Town of Dish*, the plaintiffs brought nuisance and trespass claims against companies that owned pipeline compressor stations just outside of town. 519 S.W.3d at 607. The plaintiffs had begun complaining about the noise and odor emanating from the facilities as early as 2006, but did not bring suit until 2011. *Id*. at 606. The plaintiffs did not plead the discovery rule, and the trial court granted summary judgment for the defendants on limitations. *Id*. at 608. On appeal, plaintiffs argued their claims did not accrue until the summer of 2009 when the problems became substantially worse and when they realized the seriousness of the contamination. *Id*. at 611. The Supreme Court affirmed the trial court's judgment on limitations, and held that the defendants proved that any legal injury the plaintiffs suffered commenced, at the latest, more than two years before suit was filed. *Id*. at 614.

"Once a claimant learns of a wrongful injury, the statute of limitations begins to run even if the clamant does not yet know the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it." *Gonzales v. Sw. Olshan Found. Repair Co.*, 400 S.W.3d 52, 58 (Tex. 2013) (internal quotations and alterations omitted). Further, "knowledge of

facts that could cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action is in the law equivalent to knowledge of the cause of action for limitation purposes." *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 436 (Tex. App.—Fort Worth 1997, pet. denied) (internal quotations omitted). Here, the evidence established Swift learned it was legally injured by the harmful injectate by October 23, 2012; therefore, limitations began to run on all of Swift's claims regarding the H2S contamination by at least that date. *See Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 292 (Tex. 2004) ("[a]ssuming that entry of photons, particles, or sound waves can constitute trespass," a trespass claim accrues once "known injury begins"). The fact that damage may continue to occur for an extended period after the initial legal injury or that all resulting damage to Swift's other wells and lease interests might not yet have occurred does not prevent limitations from starting to run. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).

Because Swift had actual notice of the H2S migration by at least October 2012, Regency conclusively proved that all of Swift's claims accrued more than two years before it filed suit. Thus, I would hold the trial court did not err in granting Regency's summary judgment motion against Swift on limitations grounds in its entirety.

Rebeca C. Martinez, Justice